J-E01004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN RICHARDS | : | |
| | : | |
| Appellant | : | No. 1673 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000738-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE, J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:  **FILED OCTOBER 2, 2025**

Appellant, Jonathan Richards, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his guilty plea to two counts of driving under the influence ("DUI") and related Motor Vehicle Code violations.[1]  We vacate the judgment of sentence and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Police arrested Appellant for DUI in March 2011.  Appellant subsequently accepted and completed participation in the Accelerated Rehabilitative Disposition ("ARD") program in conjunction with this offense.  On August 31, 2019, police again stopped Appellant for DUI.  The Commonwealth charged

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), 3309, 3112(a)(3)(i).

Appellant with one count of DUI—general impairment (second offense), one count of DUI—highest rate of alcohol (second offense), and summary traffic offenses.

On May 20, 2020, Appellant filed a pretrial motion to bar consideration of the prior ARD acceptance at sentencing. On June 23, 2020, the Commonwealth filed a motion to treat the current DUI offense as a second or subsequent offense for purposes of 75 Pa.C.S.A. §§ 3804 and 3806, the recidivist sentencing provisions of the DUI statute. On June 24, 2020, Appellant entered an open guilty plea to all charges. The court conducted Appellant's sentencing hearing on August 19, 2020. At that time, the court treated Appellant as a second-time DUI offender in the instant case. Appellant timely filed a notice of appeal.

On October 4, 2022, an *en banc* panel of this Court analyzed Sections 3804 and 3806 and held that the trial court correctly sentenced Appellant as a second-time DUI offender. Appellant responded by filing a petition for allowance of appeal with our Supreme Court, which was granted. On August 19, 2025, our Supreme Court vacated this Court's prior decision and remanded the matter for reconsideration based upon ***Commonwealth v. Shifflett***, ____ Pa. ____, 335 A.3d 1158 (2025).

In ***Shifflett***, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in ***Alleyne v. United States***, 570

U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and ***Apprendi v. New***

***Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in ***Apprendi*** and ***Alleyne*** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in ***Apprendi*** and ***Alleyne***.

***Shifflett, supra*** at \_\_\_, 335 A.3d at 1175. Further, "as Section 3806 allows

a defendant's previous acceptance of ARD to be used as a basis for an

enhanced sentence under Section 3804, in contravention of ***Apprendi*** and

***Alleyne***, we hold that it is facially unconstitutional." ***Id.*** at \_\_\_, 335 A.3d at

1178. Based upon the express holdings in ***Shifflett***, the trial court erred in

sentencing Appellee as a second-time DUI offender. Accordingly, we vacate

the judgment of sentence and remand the matter for resentencing consistent

with this decision.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/2/2025

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN RICHARDS | : | |
| | : | |
| Appellant | : | No. 1673 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000738-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE, J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                **FILED OCTOBER 2, 2025**

Appellant, Jonathan Richards, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his guilty plea to two counts of driving under the influence ("DUI") and related Motor Vehicle Code violations.[1] We vacate the judgment of sentence and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Police arrested Appellant for DUI in March 2011. Appellant subsequently accepted and completed participation in the Accelerated Rehabilitative Disposition ("ARD") program in conjunction with this offense. On August 31, 2019, police again stopped Appellant for DUI. The Commonwealth charged

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), 3309, 3112(a)(3)(i).

Appellant with one count of DUI—general impairment (second offense), one count of DUI—highest rate of alcohol (second offense), and summary traffic offenses.

On May 20, 2020, Appellant filed a pretrial motion to bar consideration of the prior ARD acceptance at sentencing. On June 23, 2020, the Commonwealth filed a motion to treat the current DUI offense as a second or subsequent offense for purposes of 75 Pa.C.S.A. §§ 3804 and 3806, the recidivist sentencing provisions of the DUI statute. On June 24, 2020, Appellant entered an open guilty plea to all charges. The court conducted Appellant's sentencing hearing on August 19, 2020. At that time, the court treated Appellant as a second-time DUI offender in the instant case. Appellant timely filed a notice of appeal.

On October 4, 2022, an *en banc* panel of this Court analyzed Sections 3804 and 3806 and held that the trial court correctly sentenced Appellant as a second-time DUI offender. Appellant responded by filing a petition for allowance of appeal with our Supreme Court, which was granted. On August 19, 2025, our Supreme Court vacated this Court's prior decision and remanded the matter for reconsideration based upon ***Commonwealth v. Shifflett***, ____ Pa. ____, 335 A.3d 1158 (2025).

In ***Shifflett***, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in ***Alleyne v. United States***, 570

U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in **Apprendi** and **Alleyne** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in **Apprendi** and **Alleyne**.

**Shifflett, supra** at ___, 335 A.3d at 1175. Further, "as Section 3806 allows a defendant's previous acceptance of ARD to be used as a basis for an enhanced sentence under Section 3804, in contravention of **Apprendi** and **Alleyne**, we hold that it is facially unconstitutional." **Id.** at ___, 335 A.3d at 1178. Based upon the express holdings in **Shifflett**, the trial court erred in sentencing Appellee as a second-time DUI offender. Accordingly, we vacate the judgment of sentence and remand the matter for resentencing consistent with this decision.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

J-E01004-22

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/2/2025

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN RICHARDS | : | |
| | : | |
| Appellant | : | No. 1673 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000738-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE, J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                          **FILED OCTOBER 2, 2025**

Appellant, Jonathan Richards, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his guilty plea to two counts of driving under the influence ("DUI") and related Motor Vehicle Code violations.[1]  We vacate the judgment of sentence and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Police arrested Appellant for DUI in March 2011.  Appellant subsequently accepted and completed participation in the Accelerated Rehabilitative Disposition ("ARD") program in conjunction with this offense.  On August 31, 2019, police again stopped Appellant for DUI.  The Commonwealth charged

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), 3309, 3112(a)(3)(i).

Appellant with one count of DUI—general impairment (second offense), one count of DUI—highest rate of alcohol (second offense), and summary traffic offenses.

On May 20, 2020, Appellant filed a pretrial motion to bar consideration of the prior ARD acceptance at sentencing. On June 23, 2020, the Commonwealth filed a motion to treat the current DUI offense as a second or subsequent offense for purposes of 75 Pa.C.S.A. §§ 3804 and 3806, the recidivist sentencing provisions of the DUI statute. On June 24, 2020, Appellant entered an open guilty plea to all charges. The court conducted Appellant's sentencing hearing on August 19, 2020. At that time, the court treated Appellant as a second-time DUI offender in the instant case. Appellant timely filed a notice of appeal.

On October 4, 2022, an *en banc* panel of this Court analyzed Sections 3804 and 3806 and held that the trial court correctly sentenced Appellant as a second-time DUI offender. Appellant responded by filing a petition for allowance of appeal with our Supreme Court, which was granted. On August 19, 2025, our Supreme Court vacated this Court's prior decision and remanded the matter for reconsideration based upon **Commonwealth v. Shifflett**, ____ Pa. ____, 335 A.3d 1158 (2025).

In **Shifflett**, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in **Alleyne v. United States**, 570

U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in **Apprendi** and **Alleyne** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in **Apprendi** and **Alleyne**.

**Shifflett, supra** at ___, 335 A.3d at 1175. Further, "as Section 3806 allows a defendant's previous acceptance of ARD to be used as a basis for an enhanced sentence under Section 3804, in contravention of **Apprendi** and **Alleyne**, we hold that it is facially unconstitutional." **Id.** at ___, 335 A.3d at 1178. Based upon the express holdings in **Shifflett**, the trial court erred in sentencing Appellee as a second-time DUI offender. Accordingly, we vacate the judgment of sentence and remand the matter for resentencing consistent with this decision.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

J-E01004-22

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/2/2025